IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANDREW X. MATTHEWS, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: 2:06-CV-621-MHT |
| | ) | {WO} |
| v. | ) | |
| RICHARD ALLEN, et al., | ) | |
| Defendants. | ) | |

## PLAINTIFF OBJECTION TO MAGISTRATE JUDGE RECOMMENDATION

**COMES** now Andrew X. Matthews ("Plaintiff"), by and through pro'se, and in the above-entitled cause, on Objection to Magistrate Judge Recommendation, entered July 18, 2006, and states as follows:

Plaintiff filed with this Court a 42 U.S.C. & 1983 action, alleging that he has been denied his First Amendment right to practice his religion during his incarceration within the Alabama Department of Corrections at Limestone Correctional Facility.

On July 18, 2006, upon review of the factual allegations presented in the complaint, the Magistrate Judge issued a Recommendation that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. & 1404. Specifically, the Magistrate Judge concluded that Plaintiff's recitation of facts that only correctional officers assigned to the Limestone Correctional Facility are personally involved in the alleged constitutional violations made

1

the basis for the instant complaint. Thus, it is clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

All actions where the prison system or the state on account of the prison system is interested must commenced in Montgomery County. & 6-3-9, *Code of Alabama (1975)*. This section controls the venue of action where the prison system commissioner are made parties defendant. *Madison County v. James*, 406 So.2d 398 (Ala.1981).

Plaintiff contends that the Magistrate Judge erred that the only the correctional officers assigned at Limestone Correctional Facility are personally involved. The constitutional violations made basis for the instant complaint and persons specifically involved are Richard Allen, Commissioner of Alabama Department of Corrections, and Charles Baggett, prison chaplain, appointed by Alabama Department of Corrections. See, & 14-3-12, *Code of Alabama (1975)*. Therefore, the majority of witnesses and evidence associated with this case are located in the Middle District of Alabama, which would be the convenience of the parties and witnesses, and in the interest of justice.

Where it is not clear whether there existed justifiable controversy and federal court's jurisdiction is uncertain, court could not transfer case to another district under *28 USCS & 1404(a)*. *Webster-Chicago Corp. v. Minneapolis Honeywell Regulator Co.* 99 F.Supp. 503 (DC Del. 1951).

In reference to the defendants in this action, it is clear the justifiable controversy and the Middle District Court is certain. Assuming arguendo, that based upon the Billy Mitchem, Warden at Limestone Correctional Facility, a defendant in this case, is uncertain as to jurisdiction, this case cannot be transferred to Northern District of Alabama.

WHEREFORE, Premises considered, the Magistrate Judge's Recommendation as to transfer of this case to the Northern District of Alabama should be **OVERRULED**.

Done this 28th day of July,

Respectfully submitted,

*Andrew X Matthews*
Andrew X. Matthews #164899
Limestone C.F.
28779 Nick Davis Road
Harvest, Alabama 35749-7009